UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| BRIAN KAMEDULA,<br>    #24627 | ) <br> ) <br> ) | |
| Plaintiff, | ) | 3:10-cv-00749-ECR-VPC |
| vs. | ) <br> ) <br> ) | **ORDER** |
| TODD DIXON, *et al.*, | ) <br> ) | |
| Defendants. | ) <br> / | |

This is a prisoner civil rights action. On February 3, 2011, the court dismissed plaintiff's complaint and granted him leave to file an amended complaint (docket #3). Plaintiff has filed a document that he titled "Objection to Screening Order" (docket #5). The court construes such objection as a motion for reconsideration. Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the order of February 3, 2011, the court dismissed plaintiff's complaint with leave to amend his Fourteenth Amendment due process claim if he is able to allege that his disciplinary hearing led to atypical and significant hardship (docket #3). Plaintiff has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order should be reversed.

**IT IS THEREFORE ORDERED** that plaintiff's motion for Judge to rule on Objection to Magistrate's Screening Order (docket #14) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Objection to Screening Order (docket #5) is **DENIED.**

1    **IT IS FURTHER ORDERED** that plaintiff is given an extension to file his amended
2 complaint.  He shall file his amended complaint, if any, within thirty (30) days of entry of this Order.
3 Thus

5    DATED this 6th day of April 2011.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE